# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:22-rj-001

Steven B Silverstein,

    Plaintiff,

v.

Jeffrey Wolf, individually, Jean Wolf, Individually, JTG Ventures, LLC, ORB Ltd,

    Defendant(s).

---

## REPLY TO:
## APPLICATION FOR WRIT OF CONTINUING GARNISHMENT
## (RAPID PARK HOLDING CORPORATION, GARNISHEE)

---

    Comes now the Judgment Creditor, Mr. Steven B. Silverstein, and replies to his application for a Writ of Continuing Garnishment against Garnishee, Rapid Park Holding Corporation. For his Application, Mr. Silverstein states as follows:

**1.** Mr. Wolf has filed a response to the application for a writ of garnishment. Dkt. No. 6.[1] In that response he, among other things, denies there is a judgment against him. Specifically, he states "there is no outstanding judgment against Mr. Wolf". Id., ¶ 2. The record in this Court shows that to be demonstrably, and unequivocally, false.

**2.** Anticipating this level of misinformation from Mr. Wolf, who has a long history of making such statements to several courts, the original filing in this case demonstrated all facts necessary to show not only that the document filed herein was a certified judgment, but to also show

---

[1] While Mr. Wolf has not filed a formal appearance in this case, his filing does affirmatively establish that his address is P.O. Box 773738, Steamboat Springs, CO 80477. As the record reflects this was his address used in the proceedings in Tulsa County, and, in the absence of notice from Wolf of an alternative address, this address will continue to be used by the undersigned for service of filings in this Court.

compliance with the Oklahoma law that makes the judgment final and unappealable. The judgment itself is certified and filed on October 11, 2021. Dkt. No. 1-1. The judgment itself was certified to have been mailed to Wolf at his address of record within three days of the filing of the Judgment. Dkt. No. 1-2. The three day time period for service is statutory. Okla. Stat. tit. 12, § 696.2(B). The substance of the Judgment contains all of the statutory requirements. Okla. Stat. tit. 12, § 696.3. In accordance with Oklahoma Statutes, this makes that judgment final unless an appeal is commenced within thirty days. Okla. Stat. tit. 12, § 990A(A). The record in this Court shows everything necessary to validate the Judgment as certified, and final as of November 11, 2021.

**3.** Mr. Wolf does not suggest, or offer any proof, that an appeal was commenced or that there is any other reason to challenge the Judgment or the finality of the Judgment.[2] The docket, and the various filings from the case, are readily available online for anyone to see.[3] Mr. Wolf delayed final adjudication of the underlying case for years (literally) with the very type of misrepresentation he is now making in this Court. Mr. Silverstein simply seeks his rights to collect on the final judgment.

**4.** Wolf's response also asserts that the assets at issue are "exempt" from garnishment. This is an objection which can be raised after the writ is issued. 28 U.S.C. § 3205(c). Upon issuance of the writ, both the garnishee and Mr. Wolf have rights to make objections. Id. Denying the writ,

---

[2] As was pointed out in the initial filings in this Court, a post trial motion for assessment of fees, and costs was filed by Mr. Silverstein. Dkt. 1, p. 2, ¶ 6. It was also noted that this filing, by statute, does not extend the time for an appeal. Id. (citing Okla. Stat. tit. 12, § 990.2(D)). The initial filing in this Court affirmatively averred that "No appeal was taken from the Judgment, and no effort to supercede the Judgment was undertaken". Dkt. 1, p. 2, ¶ 5. There is neither an allegation otherwise, nor a shred of proof otherwise.

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CJ-2017-1400&cmid=3041457

however, would prevent that process from even taking place. In order for this case to reach the procedural posture in which objections can be litigated, the writ must issue. Otherwise, the process of collection is defeated.

Wherefore, Mr. Steven B. Silverstein replies to his application for a writ of continuing garnishment. The writ meets all of the requirements of 28 U.S.C. § 3205 and should, therefore, be issued and served, setting in motion the process detailed within that section. No party is prejudiced by invoking the process which is designed to adjudicate the respective rights of the parties to this garnishment action.

Respectfully submitted by:

s/ Stephen J Capron
Stephen J. Capron, Oklahoma Bar Association No. 18350
Capron & Edwards, PLLC
601 S Boulder Ave., Ste 600
Tulsa, OK 74119
Telephone: (918) 398-7600
E-mail: sjc@capronedwards.com
*Attorney for Plaintiff, Mr. Steven B. Silverstein*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February, 2022, a true and correct copy of the forgoing instrument was served on the parties as follows:

| | | |
|---|---|---|
| x Via U.S. Mail | | Via Facsimile Mail |
| Via Federal Express | | Via E-mail |
| Via Certified Mail | | Via Hand Delivery |

To:

Jeffrey Wolf
32120 RCR 14 C
PO Box 773738
Steamboat Springs, CO 80477
Jjwolf47@yahoo.com

O.R.B. Ltd.
Jean Wolf
c/o Registered Agents, Inc.
25 1st Ave SW, Suite A
Watertown, SD 57201-3507
Jpwolf47@aol.com

/s/ Stephen J. Capron

3