IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-rj-00001-PAB

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY WOLF, individually,
JEAN WOLF, individually,
JTG VENTURES, LLC, and
ORB LTD.,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court *sua sponte* on the Registration of Judgment [Docket No. 1].

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.  *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

Here, plaintiff provides no basis for the Court's subject matter jurisdiction.  The Tenth Circuit has held that a party seeking to register a state-court judgment in federal district court must establish federal subject matter jurisdiction over the action.  *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1275 (10th Cir. 2019) ("Because Mr. Caballero may not register the Florida state-court judgment in federal district court under § 1963, and § 1738 does not provide a basis for federal jurisdiction, he was required to file a new action in federal district court and establish federal subject-matter jurisdiction over the new action.  Although Mr. Caballero filed a new action, he did not demonstrate that the federal district court had subject-matter jurisdiction."); *Lucas v. Dadson Mfg. Corp.*, No., 2021 WL 2822537, at *4 (D. Kan. July 7, 2021) ("This Court could not locate binding authority authorizing federal enforcement of state court judgments."), *aff'd*, 2022 WL 697277 (10th Cir. Mar. 9, 2022).

If plaintiff intends to invoke the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, he has not identified a federal statute that provides a cause of action. Garnishment does not arise under federal law. *See Farm & City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1234 (D. Kan. 2002) ("It does not appear to the court that garnishment proceedings arise under federal law within the purview of 28 U.S.C. § 1331, or are founded upon the Constitution or any act of Congress."). Plaintiff cites 28 U.S.C. §§ 1651, 3205. Docket No. 4 at 2. The Tenth Circuit has explained that the "All Writs Act, provided in 28 U.S.C. § 1651, does not create or provide independent subject matter jurisdiction for courts where such jurisdiction is lacking, but, instead, provides a means to correct an action within the court's jurisdiction." *United States v. Tinajero-Porras*, 304 F. App'x 754, 756 (10th Cir. 2008) (unpublished) (citing *Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972); *Hillman v. Webley*, 115 F.3d 1461, 1469 (10th Cir. 1997)). Section 3205 authorizes federal courts to issue writs of garnishment, but that section is found in Chapter 176, which concerns federal debt collection procedures. Plaintiff provides no argument that § 3205 applies to this matter or that § 3205 itself confers subject matter jurisdiction, and the Court finds no authority that it does.

If plaintiff instead relies on 28 U.S.C. § 1332, plaintiff has provided no relevant allegations. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Plaintiff has not provided allegations regarding his citizenship or that of the individual defendants, Jeffrey Wolf and Jean Wolf. *See Smith v. Cummings*, 445

3

F.3d 1254, 1259–60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. . . . To establish domicile in a particular state, a person must be physically present in the state and intend to remain there.").

Plaintiff also has not identified each member of defendant JTG Ventures, LLC and such members' citizenship. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *Alphonse v. Arch Bay Holdings, LLC*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company.").

Finally, plaintiff does not identify what kind of entity defendant ORB Ltd. is. This information is critical to the Court's jurisdictional analysis because, while a corporation is a citizen of both its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated entity is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs*, 781 F.3d at 1237–38 ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Because the jurisdictional allegations are not well-pled, the Court is unable to determine whether it has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **May 26, 2022**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED May 12, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge