IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-rj-00001-PAB

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY WOLF, individually,
JEAN WOLF, individually,
JTG VENTURES, LLC, and
ORB LTD.,

    Defendants.

---

**SECOND ORDER TO SHOW CAUSE**

---

This matter is before the Court on plaintiff's Response to Order to Show Cause [Docket No. 22]. The Court issued an order to show cause on May 12, 2022 because plaintiff provided no basis for the Court's subject matter jurisdiction. Docket No. 21 at 2. The Court explained that, if plaintiff relied on the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, he had failed to demonstrate a federal statute that provides a cause of action. *Id.* at 3. If plaintiff intended to rely on 28 U.S.C. § 1332, the Court explained that plaintiff had not provided any allegations regarding his citizenship or that of the individual defendants, failed to identify the members of defendant JTG Ventures, LLC and such members' citizenship, and failed to plead what kind of entity defendant ORB Ltd. is. *Id.* at 3–5.

In response, plaintiff states that he "invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332." Docket No. 22 at 1, ¶ 1. Plaintiff alleges that he is a

1

"resident of Tulsa County, Oklahoma, now and since prior to the filing of this action," *id.*, ¶ 2, and that defendants Jeffrey Wolf and Jean Wolf are residents of Routt County, Colorado and that they have identified an address in Steamboat Springs, Colorado in another proceeding. *Id.*, ¶ 3. Plaintiff's allegations as to his citizenship and the Wolfs', however, are not well-pled, as plaintiff has equated residency with citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")).

As to defendant JTG Ventures, LLC, although plaintiff has identified that entity's sole member as Mr. Wolf, *see* Docket No. 22 at 2, ¶ 5, plaintiff's insufficient allegation of Mr. Wolf's citizenship means that the Court cannot determine JTG Ventures, LLC's citizenship. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Finally, plaintiff states that defendant ORB Ltd. is a "South Dakota corporation owned by either Jeffrey A. Wolf or Jean Wolf." Docket No. 22 at 2, ¶ 6. Although plaintiff has identified ORB Ltd.'s state of incorporation, plaintiff has not identified ORB Ltd.'s principal place of business, *see id.*, and a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Because the allegations regarding the parties' citizenship are not well-pled, the Court is unable to determine the parties' citizenship and whether the Court has subject matter jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska*

*Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

**ORDERED** that, on or before **May 31, 2022**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED May 23, 2022.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge