# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-rj-00001-PAB-NYW

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY WOLF,
JEAN WOLF,
JTV VENTURES, LLC, and
ORB LTD,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter is before the court on three Motions:

(1) The "Notice of Objection to Garnishee Rapid Park Holding Corporation's Answer to the Writ of Continuing [Garnishment]" (the "Motion for Trial") [Doc. 16, filed April 28, 2022];

(2) The "Application for Order Compelling Judgment Debtor to Appear and to Answer Regarding Judgment Debtor's Assets and Restraining Judgment Debtor from Transferring, Disposing of, or Encumbering Any of His Assets" (the "Motion for Hearing") [Doc. 19, filed May 2, 2022]; and

(3) The "Notice to Court Regarding Writ of Execution" (the "Motion for USMS Service") [Doc. 28, filed June 3, 2022].

The court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 24, 2022, [Doc. 26], and the Memoranda dated May 24, 2022 [Doc. 27] and June 3, 2022.

[Doc. 29]. For the reasons set forth herein, the Motion for Trial is **DENIED**, the Motion for USMS Service is **GRANTED**, and the Motion for Hearing is **DENIED in part**. In addition, this court respectfully **RECOMMENDS** that the Motion for Hearing, insofar as it can be construed as a Motion for Preliminary Injunction, be **DENIED**.

## BACKGROUND

Plaintiff Steven B. Silverstein ("Plaintiff" or "Mr. Silverstein") initiated this registered judgment action on January 21, 2022 by filing a Registration of Judgment related to a judgment of a Tulsa County, Oklahoma District Court.[1] *See* [Doc. 1]. The Registration of Judgment names four Defendants: Jeffrey Wolf, Jean Wolf, JTG Ventures, LLC, and ORB Ltd. (collectively, "Defendants").[2] [*Id.* at 1]. On January 25, 2022, Plaintiff filed an Application for Writ of Continuing Garnishment against Rapid Park Holding Corporation (the "Garnishee" or "Rapid Park"), [Doc. 2], but a writ was not issued because the Application was not notarized. *See* [Doc. 3]. Plaintiff filed another Application for Writ of Continuing Garnishment on February 4, 2022, [Doc. 4], but a writ was again not issued because the Clerk of Court could not verify Plaintiff's provided interest rate. [Doc. 5].

Plaintiff filed a Supplement To: Application for Writ of Continuing Garnishment on February 15, 2022 to verify the applicable interest rate. [Doc. 7]. That same day, Defendant Jeffrey Wolf ("Mr. Wolf") filed a Response to the first, un-notarized Application for Writ of Continuing Garnishment that had been filed on January 25 and from which a writ was not issued.

---

[1] This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). *See* [Doc. 21; Doc. 22; Doc. 23; Doc. 24; Doc. 25].

[2] Jean Wolf, JTG Ventures, and ORB Ltd. have not appeared in this action, and it is not clear from the docket whether these Defendants have been properly served with the Registration of Judgment. Nor does it appear that the Writ of Garnishment is directed at Jean Wolf, JTG Ventures, or ORB Ltd. in this District. *See* [Doc. 9]. However, Plaintiff has filed an "Amended Complaint" that names these parties, along with others, as defendants. *See* [Doc. 30].

2

[Doc. 6].[3] Plaintiff filed a Reply to this Response on February 16, 2022. [Doc. 9]. On April 1, 2022, Plaintiff filed an Application for Writ of Execution, *see* [Doc. 11], which was issued by the Clerk of Court on April 7, 2022. [Doc. 14].

On April 12, 2022, the Garnishee, through counsel, submitted a letter to the Clerk of Court "object[ing] to the Writ on the grounds that the United States District Court for the District of Colorado lacks *in personam* jurisdiction over" it, and thus arguing that "the Writ is invalid and cannot be enforced." [Doc. 15 at 1]. The Garnishee, reserving its objections to the Writ, submitted its Questions to be Answered by the Garnishee. [*Id.* at 3]. Counsel for the Garnishee did not enter an appearance on behalf of Rapid Park.

On April 28, 2022, Plaintiff filed the Motion for Trial. [Doc. 16]. In this Motion, Plaintiff challenges the Garnishee's representations in its Answer and argues that the Garnishee has waived any personal-jurisdiction defense. *See* [*id.* at ¶¶ 6-8]. Plaintiff "seeks a trial on [the Garnishee's] answer, inclusive of an opportunity to challenge the claim that no money is owed to Wolf by Rapid Park." [*Id.* at ¶ 14].

Days later, Plaintiff filed his Motion for Hearing. *See* [Doc. 19]. Therein, he requests "[a]n order compelling Jeffrey A. Wolf to appear and to answer questions under oath regarding the nature and extent of his assets." [*Id.* at ¶ 5]. Plaintiff requests that this order "provide Wolf with notice of the possibility of contempt proceedings as a consequence of any failure to comply" with the court order. [*Id.* at ¶ 7]. In addition, Plaintiff seeks a court order "retrain[ing] Wolf from transferring, disposing of, or encumbering any of his assets." [*Id.* at ¶ 8]. According to Plaintiff, "[s]uch an order is authorized under" Rule 69(g) of the Colorado Rules of Civil Procedure, which

---

[3] Thus, it does not appear that Mr. Wolf has filed an answer to the Application for Writ of Continuing Garnishment that was ultimately accepted by the Clerk of Court.

3

"does not expressly label the action an injunction, but does in substance allow the restriction on transfer subject to the Court's contempt power." [*Id.*]. Because Mr. Silverstein requests that the court enjoin Mr. Wolf from taking certain actions, the court **CONSTRUES** this portion of the Motion for Hearing as a Motion for Preliminary Injunction.

Finally, Plaintiff filed the Motion for USMS Service on June 3, 2022. [Doc. 28]. This Motion arises out of Plaintiff's representations that his counsel "has persistently checked with the U.S. Marshal Service to determine if the writ has been transmitted and to determine if any further efforts were required of [Plaintiff] to accomplish the execution." [*Id.* at ¶ 2]. According to Plaintiff, the USMS has advised him that the District of Colorado Clerk's Office informed the USMS that "service of the writ is not 'necessary' or required.'" [*Id.*]. Plaintiff requests that the court "arrange for the delivery of the Writ [by] the Marshal Service or, alternatively, that the Court advise Mr. Silverstein if some additional effort (or payment for service) is required of Mr. Silverstein." [*Id.* at ¶ 5]. The court addresses these Motions and Plaintiff's requests below.

## ANALYSIS

At the outset, the court notes that Plaintiff's Motions fail to comply with the Local Rules of Practice for this District in multiple respects. For example, the Local Rules require that

> Before filing a motion, counsel for the moving party . . . shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C.COLO.LCivR 7.1(a). While the Motion for Trial states that "[a] meet and confer regarding these issues" took place between Plaintiff's counsel and the Garnishee's counsel, [Doc. 16 at ¶ 7], there is no indication in that Motion that Plaintiff conferred with any of the named Defendants in this matter. *See generally* [*id.*]. Similarly, the Motion for Hearing does not contain a certificate

4

of conferral, *see* [Doc. 19], nor does the Motion for USMS Service. [Doc. 28].[4] In addition, the Local Rules require that "[e]xcluding motions filed under Fed. R. Civ. P. 65, a motion involving a contested issue of law shall state under which rule of statute it is filed and be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As discussed throughout this Order, Plaintiff's Motions contain essentially no explanation setting forth the exact nature of Plaintiff's requests or the legal bases thereof. *See* [Doc. 16; Doc. 19; Doc. 28].

The failure to comply with the Local Rules constitutes a sufficient basis to deny a motion. *See, e.g.*, *McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997) ("[The movant] has presented no evidence of his effort to comply with [Local Rule 7.1(a)], and his motions are untenable on that basis alone"); *Farris v. Broaddus*, No. 08-cv-00986-CMA-BNB, 2008 WL 5225885, at *1 (D. Colo. Dec. 12, 2008) (denying motion without prejudice for failure to comply with referral requirements and failure to include recitation of legal authority in the motion).[5] Plaintiff is represented by counsel, who is expected to be familiar with the requirements of the Local Rules. *Pelletier v. United States*, No. 11-cv-01377-WJM-CBS, 2015 WL 3907663, at *1 (D. Colo. June 24, 2015), *aff'd*, 653 F. App'x 618 (10th Cir. 2016). Nevertheless, because this court sits in a referral capacity, the court will briefly address the merits of Plaintiff's Motions.

**I.     The Motion for Trial**

In the Motion for Trial, Plaintiff appears to request a "trial" to determine whether this court has personal jurisdiction over the non-party Garnishee, Rapid Park. [Doc. 16 at ¶¶ 6, 14].

---

[4] While the court acknowledges that Mr. Silverstein captioned two of these documents as "Notices" and another as an "Application," [Doc. 16; Doc. 19; Doc. 28], because Mr. Silverstein requests relief from the court in each of these filings, they are properly construed as motions.

[5] In addition, Plaintiff is hereby **ADVISED** that all future documents seeking relief from the court **SHALL** be properly filed as a motion and that any such motions must comply with the Federal Rules of Civil Procedure and Local Rules of Practice.

"Garnishment is a legal proceeding brought by a creditor (garnishor) of a person (the debtor) against a third party (garnishee) to obtain property of the debtor in the hands of the third party to satisfy the debt owed to the garnishor." *Ace Invs., LLC v. Rubin*, 494 F. App'x 856, 858 (10th Cir. 2012) (quoting *Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990). "In a garnishment proceeding, the court must have jurisdiction over the third-party garnishee and the relevant property held by the garnishee." *Id.* Thus, it appears that whether this court has personal jurisdiction over Rapid Park may be a threshold issue in determining whether property held by Rapid Park may be subject to garnishment.

However, Plaintiff's request for a "trial" fails to clearly articulate the specific relief requested by Plaintiff or the legal bases therefor. *See generally* [Doc. 16]. Indeed, Plaintiff's request is supported by no legal authority demonstrating that the court may hold a "trial" at which it may order a non-party garnishee—over whom it is unclear whether the court has personal jurisdiction—to appear to determine the court's personal jurisdiction over that garnishee. It is not this court's duty to conduct legal research on behalf of a party or to construct arguments on behalf of a party. *See Jackson-Cobb v. Sprint United Mgmt.*, 173 F. Supp. 3d 1139, 1145 n.5 (D. Colo. 2016); *Privilege Underwriters Reciprocal Exch. v. West*, No. 17-cv-0661-CVE-JFJ, 2018 WL 4088777, at *2 (N.D. Okla. Aug. 27, 2018) ("[The movant] is represented by counsel and the Court will not conduct legal research or construct arguments on his behalf."); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). Because Plaintiff has not provided the court with any legal authority supporting his request, the court will **DENY** the Motion for Trial **without prejudice**. Should Plaintiff elect to

6

<u>refile his Motion, he shall specifically identify the exact relief he seeks and shall provide legal authority supporting his request for relief</u>.

## II.     The Motion for Hearing

Plaintiff's requests in his Motion for Hearing are two-fold: first, he seeks a court order compelling Mr. Wolf "to appear and to answer questions under oath regarding his assets, and to bring with him any and all stock certificates in Rapid Park Holding Corporation issued to him," [Doc. 19 at ¶ 6]; and second, he requests a court order "restrain[ing] Wolf from transferring, disposing of, or encumbering any of his assets." [*Id.* at ¶ 8]. Mr. Silverstein states that this order "is authorized under the substantive law of Colorado," but in support, cites only Colorado Rule of Civil Procedure 69(g).  *See* [*id.*].

> Rule 69(g) of the Colorado Rules of Civil Procedure provides:
>
> The court, master, or referee may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment.  Any party or person who disobeys an order made under the provisions of this Rule may be punished for contempt.  Nothing in this rule shall be construed to prevent an action in the nature of a creditor's bill.

Colo. R. Civ. P. 69(g).  Mr. Silverstein states that this Rule "does not expressly label the action an injunction, but does in substance allow the restriction on transfer subject to the Court's contempt power." [Doc. 19 at ¶ 8].  In support, he cites back to Rule 69, but does not provide any authority from Colorado courts or any supporting legal argument.  *See* [*id.*].

***Motion for Preliminary Injunction***.  Insofar as Mr. Silverstein requests that the court enter an order preventing Mr. Wolf from taking certain actions, the court notes that Rule 69 does not expressly provide the court authority to order a judgment debtor to refrain from "transferring,

7

disposing of, or encumbering any of his assets."[6] Because the Motion requests that the court enjoin Mr. Wolf from taking certain actions, the court construes this portion of the Motion as seeking injunctive relief. *Cf. Est. of Gold v. McMahan*, No. 06-cv-02173-JLK-KLM, 2021 WL 8153743, at *5 (D. Colo. Aug. 31, 2021), *report and recommendation adopted*, 2021 WL 8153740 (D. Colo. Sept. 20, 2021) (construing motion seeking a court order enjoining a debtor from "engaging in any act that would adversely affect plaintiff's right to have the judgment satisfied from the proceeds of the sale of the Property" as a motion for preliminary injunction).

To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) irreparable harm absent an injunction; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Plaintiff does not address any of these factors in his Motion. *See* [Doc. 19]. This alone is a sufficient basis to deny Plaintiff's request for relief. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980) ("[T]he party seeking the injunction must prove his own case and adduce the requisite proof, by a preponderance of the evidence, of the conditions and circumstances upon which he bases the right to and necessity for injunctive relief."); *see also Est. of Gold*, 2021 WL 8153743, at *6 ("Plaintiff has not cited any authority for such a request, and even if it is procedurally appropriate, Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 65.").

---

[6] Mr. Silverstein states that "it is noted that Oklahoma law is similar," citing to an Oklahoma statute providing that "[t]he judge may, by order, enjoin the judgment debtor from alienating, concealing, or encumbering any of the judgment debtor's nonexempt property pending the hearing and further order of the court." *See* Okla. Stat. Ann. tit. 12, § 842; [Doc. 19 at 3 n.2]. But unlike the Oklahoma statute, Colorado Rule of Civil Procedure 69 does not expressly provide the court any such authority, *see* Colo. R. Civ. P. 69(g), and Mr. Silverstein directs the court to no other Colorado law that he asserts is "similar" to the Oklahoma statute. *See generally* [Doc. 19].

Moreover, the court notes that the Colorado Court of Appeals has affirmed the denial of a requested writ of assistance that sought a court order enjoining a debtor from, *inter alia*, "spend[ing], sell[ing], transfer[ing], assign[ing], convey[ing], giv[ing] away or otherwise utilize[ing]" his assets." *See Idaho Pac. Lumber Co., Inc. v. Celestial Land Co. Ltd.*, 348 P.3d 950, 956 (Colo. App. 2013). The court concluded that the requested order was "extremely broad" and that "[c]ompliance would . . . preclude [the] judgment debtor from spending money on necessities." *Id.* In light of this precedent, the court is skeptical that a court order restraining Mr. Wolf from "transferring, disposing of, or encumbering any of his assets" would be sufficiently narrow in scope, given the fact that a broad reading of the request could seemingly preclude Mr. Wolf from spending any money whatsoever. *See Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 962 (10th Cir. 2002) ("It is well settled an injunction must be narrowly tailored to remedy the harm shown.").

In sum, absent any argument from Plaintiff otherwise, the court concludes that it must construe the Motion for Hearing, in part, as a Motion for Preliminary Injunction. And because Plaintiff has offered no argument in support for such an extraordinary remedy, the court concludes that he has not met his burden of establishing his right to such relief. Accordingly, the court respectfully **RECOMMENDS** that the Motion for Preliminary Injunction be **DENIED**. <u>Should Plaintiff seek to refile this Motion, Plaintiff shall specify the exact relief he seeks and shall support any requests for relief with legal authority</u>.

*Motion for Hearing*. In addition, insofar as Plaintiff requests that this court set a hearing and that this court enter an order "compelling [Mr. Wolf] to appear" at the hearing, [Doc. 19 at 4], the Motion is **DENIED without prejudice**. Again, Mr. Silverstein does not expressly set forth the legal authority upon which he bases this request, *see generally* [*id.*], which hinders this court's

9

ability to meaningfully consider his request for relief. At best, Mr. Silverstein asserts that the court may provide notice of its contempt power to Mr. Wolf, and that "[s]uch notice is consistent with Colorado collection statutes," citing Rule 69(e) of the Colorado Rules of Civil Procedure. [*Id.* at 3]. Rule 69(e) of the Colorado Rules of Civil Procedure provides that

> At any time after entry of a final money judgment, a judgment creditor may cause a subpoena or subpoena to produce to be served as provided in C.R.C.P. 45 requiring the judgment debtor to appear before the court, master or referee with requested documents at a specified time obtained from the court to answer concerning property.

Colo. R. Civ. P. 69(e)(1). But even assuming that Mr. Silverstein seeks a hearing under Rule 69(e), despite Mr. Silverstein's failure to expressly move under this Rule, Mr. Silverstein does not set forth the parameters of his request or the basis for his request. *See generally* [Doc. 19]. Indeed, Mr. Silverstein states that Mr. Wolf "has been avoiding any payment of the debt," [*id.* at ¶ 3], but Mr. Silverstein does not expressly explain how Mr. Wolf has been doing so. *See generally* [*id.*]. Moreover, Plaintiff elsewhere states that the Writ of Execution has not yet been served but that the Writ "would have the impact of moving this matter towards a quick and efficient end." [Doc. 28 at ¶ 4]. Based on Plaintiff's Motion, it appears that Plaintiff's request is based, at least in part, on Mr. Wolf's purported failure to appear at other court hearings. *See* [*id.* at ¶ 7]. Respectfully, the court is presently unable to ascertain, based on the docket and Plaintiff's cursory filings, the exact status of this action or Mr. Silverstein's attempts to collect on the judgment. For this reason, and given the numerous procedural issues in this matter and in Plaintiff's Motions identified in this Order, the court declines to set a hearing at this time. Accordingly, the Motion for Hearing is **DENIED without prejudice**, with leave to re-file **after** Plaintiff responds to this court's Order to Show Cause, *see infra* Section IV, and **only after** this court discharges that Order to Show Cause. Should Plaintiff seek to refile this Motion, Plaintiff shall specify the exact relief he seeks, shall

10

<u>specify the rule or statute upon which his requests for relief are based, and shall support any requests for relief with legal authority</u>.

### III.     The Motion for USMS Service

Next, Plaintiff filed a Notice to Court Regarding Writ of Execution, which the court construes as a Motion directing the USMS to "arrange for the delivery of the Writ [of Execution]" dated April 7, 2022. *See* [Doc. 28 at ¶ 4]; *see also* [Doc. 14]. Plaintiff states that Mr. Wolf "is known to possess a house in Routt County, Colorado, art work[,] and various shares of stock in Rapid Park Holding Corporation which are more than sufficient to satisfy the judgment at issue." [Doc. 28 at ¶ 1]. Plaintiff states that while he has "persistently checked with the [USMS] to determine if the writ has been transmitted and to determine if any further efforts were required of [him] to accomplish the execution," service has not been accomplished. [*Id.* at ¶ 2]. Mr. Silverstein states that the Writ of Execution "has been outstanding without a referral to the [USMS] for approximately two months" and "[i]ssuance of the Writ accomplishes nothing without delivery to the [USMS]." [*Id.* at ¶ 3]. Again, Mr. Silverstein's Motion contains no legal authority and no legal argument. *See generally* [*id.*].

Rule 69(a) of the Federal Rules of Civil Procedure states that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). "This rule builds into federal-court judgment-enforcement proceedings the substantive and procedural safeguards found in state law where the federal court is located, except to the extent a federal statute might apply." *Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.*, No. 5:12-cv-1189-DAE, 2014 WL 1652600, at *4 (W.D. Tex. Apr. 24, 2014). "Therefore, in the absence of any applicable federal law to the

11

contrary, [Plaintiff's] post-judgment enforcement proceedings must comply with [Colorado] law." *Id.* Relevant here, federal law provides that "[e]xcept as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties." 28 U.S.C. § 566(c).

Plaintiff has identified no Colorado statutes or rules that would govern here. *See generally* [Doc. 28]. And as explained throughout this Order, it is not this court's duty to conduct legal research on behalf of Plaintiff or construct Plaintiff's arguments for him. Nevertheless, the court notes that the Eleventh Circuit has instructed that because there "is a federal statute stating that the U.S. Marshals Service 'shall execute all lawful writs,' . . . that federal statute governs here." *Branch Banking & Tr. Co. v. Ramsey*, 559 F. App'x 919, 924 (11th Cir. 2014).

It is Plaintiff's responsibility to coordinate with the USMS to arrange for service of the Writ of Execution; that coordination process is removed from the District of Colorado Clerk's Office. However, based on counsel's representation that he has been unable to coordinate service with the USMS, and to alleviate any confusion in this matter, the court will **GRANT** the Motion for USMS Service. <u>Counsel shall coordinate with the USMS to arrange for service of the Writ of Execution.</u>

IV.     **Amended Complaint**

On June 10, 2022, Plaintiff filed what he captioned as an "Amended Complaint"—even though this registered judgment action was initiated via a Registration of Judgment, *see* [Doc. 1], and no original complaint has been filed in this matter. *See* [Doc. 30]. In this document, Plaintiff purports to name ten different defendants in this matter—including the four individuals originally named in the Registration of Judgment,[7] Rapid Park, and five other entities. *See* [*id.* at 1]. This document contains factual allegations, *see* [*id.* at ¶¶ 13-50], but no causes of action. *See generally* [*id.*].

Plaintiff has submitted no legal authority establishing a basis for this filing or demonstrating that the filing of a complaint (or an amended complaint) in a registered judgment action is procedurally proper. *See generally* [*id.*]. It is well-settled that "the procedure for enforcing a registered judgment follows the state law of the district in which the judgment is registered." *CSX Transp., Inc. v. Filco Carting Corp.*, No. 10-cv-1055 NGG JMA, 2011 WL 2713487, at *2 (E.D.N.Y. July 11, 2011). Relevant here, the Colorado Rules of Civil Procedure provide that "[e]xcept as provided in C.R.C.P. 103 or an order of court directing otherwise, process to enforce a final money judgment <u>shall be by writ of execution</u>." Colo. R. Civ. P. 69(a) (emphasis added). Plaintiff has directed the court to no authority demonstrating that the filing of a complaint in a registered judgment action is procedurally appropriate under Colorado law. Moreover, under Colorado law, a registered judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the court of this state in which filed and may be enforced or satisfied in like manner." Colo. Rev. Stat. Ann. § 13-

---

[7] As noted above, Defendant Jeffrey Wolf is the only person to whom the Writ of Garnishment is directed. [Doc. 9].

13

53-103. Thus, if the registration of the judgment in this District is simply the acknowledgment of another court's already entered judgment, it is unclear whether an amended complaint may be properly filed in a registered judgment action.

Moreover, when Mr. Silverstein initiated this registered judgment action, he paid the requisite $49 filing fee charged by this District. *See* [Doc. 1]; *see also* United States District Court for the District of Colorado, Office of the Clerk of Court, *Fee Schedule – Effective January 1, 2022*, available at http://www.cod.uscourts.gov/CourtOperations/FeeSchedule.aspx. However, the filing of a civil complaint carries a substantially higher filing fee of $402.00. *See id.* "The filing fee requirement . . . is established by Congress as a prerequisite to a civil action and must be complied with, absent the granting of IFP status." *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 261 (10th Cir. 1994). Because Plaintiff has not paid the appropriate filing fee for filing a civil complaint, the Amended Complaint is not properly before the court.

Finally, even assuming, without deciding, that a complaint—with the appropriate filing fee—may be filed in a registered judgment action, the court cannot conclude that the Amended Complaint complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. "A complaint falls short of Rule 8's notice requirement when it fails to list or clearly articulate any causes of action." *Polovino v. Int'l Bhd. of Elec. Workers, AFL-CIO*, No. 15-cv-023-JHP-PJC, 2015 WL 4716543, at *4 (N.D. Okla. Aug. 7, 2015); *Swint v. Mueller*, No. 21-cv-382 MV-JFR, 2021 WL 2822601, at *1 (D.N.M. July 7, 2021) (complaint failed to comply with Rule 8 where it "[did] not include discernable claims" and instead simply stated "Title VII – Discrimination"). "Claims must be presented clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims." *Moore v. Cosarrubias*, No. 18-cv-00259-GPG, 2018 WL 11145813, at *2 (D.

Colo. Mar. 9, 2018). Nor can the court conclude that the Amended Complaint, if the court assumes that it is intended to amend and supersede Plaintiff's Registration of Judgment, complies with the timing requirements provided under Rule 15(a). *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it.").[8]

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE**, in writing and on or before **June 28, 2022**, why the Amended Complaint [Doc. 30] should not be **STRICKEN** due to the numerous deficiencies identified in this Order. In Plaintiff's Response, <u>Plaintiff shall direct the court to *specific* legal authority demonstrating that the filing of his Amended Complaint is procedurally proper in this registered judgment action and that the Amended Complaint complies with all applicable Federal and Local Rules, including but not limited to the payment of the appropriate filing fee</u>.

## CONCLUSION

For these reasons, this court respectfully **RECOMMENDS** that:

(1) The "Application for Order Compelling Judgment Debtor to Appear and to Answer Regarding Judgment Debtor's Assets and Restraining Judgment Debtor from Transferring, Disposing of, or Encumbering Any of His Assets," insofar as it can be construed as a Motion for Preliminary Injunction, be **DENIED**.[9]

---

[8] Additionally, setting aside the questions of the propriety of the Amended Complaint, the court notes that the filing of the Amended Complaint fails to comply with Local Rule 15.1(a). *See* D.C.COLO.LCivR 15.1(a).

[9] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73

In addition, **IT IS ORDERED** that:

(1) The "Notice of Objection to Garnishee Rapid Park Holding Corporation's Answer to the Writ of Continuing [Garnishment]" is **CONSTRUED** as a Motion for Trial and is **DENIED without prejudice**;

(2) The "Application for Order Compelling Judgment Debtor to Appear and to Answer Regarding Judgment Debtor's Assets and Restraining Judgment Debtor from Transferring, Disposing of, or Encumbering Any of His Assets" is **CONSTRUED**, in part, as a Motion for Hearing and is **DENIED without prejudice**;

(3) The "Notice to Court Regarding Writ of Execution" is **CONSTRUED** as a Motion for USMS Service and is **GRANTED**;

(4) Plaintiff is **ORDERED** to **SHOW CAUSE**, in writing and on or before **June 28, 2022**, why the Amended Complaint [Doc. 30] should not be **STRICKEN** due to the numerous deficiencies identified in this Order; and

(5) A copy of this Order and Recommendation shall be sent to:

Jeffrey Wolf
P.O. Box 773738
Steamboat Springs, CO 80477

---

F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED: June 14, 2022                    BY THE COURT:

                                        _____
                                        Nina Y. Wang
                                        United States Magistrate Judge